JEFFREY A. SILVESTRI, ESQ.
NEVADA STATE BAR NO. 5779
McDONALD CARANO & WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
jsilvestri@mcdonaldcarano.com

*Attorneys for Sinoenergy Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHAN STOLZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SINOENERGY CORPORATION, TIANZHOU DENG, XIANG DONG YANG, BO HUANG, ROBERT I. ADLER, RENJIE LU, GREG MARCINKOWSKI, BAOHEN SHI, and SKYWIDE CAPITAL MANAGEMENT LIMITED,<br><br>Defendants. | Case No: _____<br><br>**NOTICE OF REMOVAL** |

TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), and 28 U.S.C. §§ 1453(b) and 1331, defendant Sinoenergy Corporation ("Sinoenergy") removes this action to the United States District Court for the District of Nevada. The grounds for removal are as follows:

1.   Plaintiff Johan Stolz, on behalf of himself and all persons similarly situated, commenced this action on October 26, 2009, in the District Court for Clark County, Nevada, Case No. A09-602441, against Sinoenergy, Tianzhou Deng, Xiang Dong Yang, Bo Huang, Robert I. Adler, Renjie Lu, Greg Marcinkowski, Baohen Shi and Skywide Capital Management Limited ("Skywide")  (the "Complaint").

2. Based on the allegations of the Complaint, Stolz brings this action on behalf of "hundreds or thousands of individuals and entities scattered throughout the country." (Compl. ¶ 19.)

3. Plaintiff brought this Complaint as a "class action" as defined under 28 U.S.C. § 1332(d)(1)(B). (Compl. ¶ 17.) The Complaint alleges as of August 12, 2009, there were 15,942,336 shares of Company common stock outstanding. (Compl. ¶ 4.)

4. Sinoenergy was served with a copy of the Complaint on or about November 19, 2009. True and correct copies of the Summons and Amended Complaint are attached as **Exhibit 1**.

5. On November 23, 2009, Plaintiff made an application for a temporary restraining order and order to show cause why a preliminary injunction should not issue (the "Application"). A true and correct copy of the copy of the Application is attached as **Exhibit 2**.

6. No other process, order or other pleading in this action has been received to date by Sinoenergy.

7. Thirty days have not yet expired since Sinoenergy was first served with the Complaint, which is the first pleading served on it. The time for removal does not begin to run until a defendant has been served. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999); 28 U.S.C. § 1446(b).

8. Plaintiff has brought this action against Sinoenergy and the individual defendants to either enjoin the consummation of a transaction in which Skywide, Sinoenergy's largest shareholder, would acquire each common share of Sinoenergy for $1.90 per share in cash or approximately $30.3 million (the "Proposed Transaction"). In the alternative, Stolz has brought this action to rescind the Proposed Transaction or to account to him for his damages that stem from the Proposed Transaction. (Compl. ¶¶ 1-2.)

9. Defendant Sinoenergy maintains its principal place of business in Beijing, China, and is incorporated under the laws of the state of Nevada. (Compl. ¶ 4.) Individual Defendants Tianzhou Deng, Bo Huang, Robert Adler, Renjie Lu, Greg Marcinkowski, Baoheng Shi, and Xiang Dong Yang are officers and/or directors of Sinoenergy. (Compl. ¶¶ 5-11.)

Defendant Skywide is a limited liability company organized under the laws of the British Virgin Islands. (Compl. ¶ 12.)

10. When determining jurisdiction under CAFA, the claims of the individual class members are aggregated, 28 U.S.C. § 1332(d)(6), and Plaintiff alleges that there are "hundreds or thousands of individuals and entities scattered throughout the country." (Compl. ¶ 19.) Plaintiff alleges that for the week of August 10, 2009 through August 14, 2009, the price of Sinoenergy's stock traded at levels of up to $2.63 per share. (Compl. ¶ 25.) According to Plaintiff, the Proposed Transaction is "grossly unfair" because the value of Sinoenergy stock is in excess of the amount offered in the Proposed Transaction of $1.90 per share. (Compl. ¶ 26-27.) Here, Plaintiff has alleged that, as of August 12, 2009, there were 15,942,336 shares of Sinoenergy common stock outstanding. (Compl. ¶ 4.) Multiplying the alleged number of shares outstanding by $1.90 equals $30,290,438.40. Multiplying the alleged number of shares outstanding by what plaintiff believes the stock is worth ($2.63) equals $41,928,343.68. The difference between these two values is $11,637,905.28. Thus, it is clear from the face of the complaint that the amount in controversy exceeds $5,000,000.

11. As alleged in the Amended Complaint, the total number of members of the proposed plaintiff class exceeds 100. (Compl. ¶ 19.)

12. The above-captioned action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and which therefore may be removed to this Court pursuant to 28 U.S.C. § 1453(b), in that the action is a class action between a class containing a member who is a citizen of a State different from any defendant, and that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and that none of the exceptions to § 1453(b) apply here.

13. The above-captioned action does not solely involve a claim: (1) concerning a covered security as defined under 15 U.S.C. § 77p(f)(3) and 15 U.S.C. § 78bb(f)(5)(E); (2) that relates to the internal affairs or governance of a corporation or other form of business enterprise that arises under or by virtue of the law of the state in which such corporation or business enterprise is incorporated or organized; or (3) that relates to the rights, duties (including

fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under 15 U.S.C. § 77b(a)(1) and the regulations issued thereunder.)  *See Katz v. Gerardi*, 552 F.3d 558, 562 (7th Cir. 2009); *Estate of Pew v. Cardarelli*, 527 F.3d 25, 31-33 (2d Cir. 2008).

14. In the alternative, the above-captioned action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  Specifically, Plaintiff has alleged that Sinoenergy, a public company listed on a national exchange with 15,942,336 shares of Sinoenergy common stock outstanding, has engaged in violations of securities laws by entering into the Proposed Transaction.  In the Application, Plaintiff argues that the company has filed a "materially misleading Preliminary Proxy [under Section 14(a) of the Securities and Exchange Act of 1934] that fails to fully and fairly disclose certain material information about [Sinoenergy]…" (Application at pp. 7 & 14-16.)  Thus, this action could constitute a violation of federal securities laws.

15. In accordance with 28 U.S.C. § 1441(a), venue lies in the United States District Court for the District of Nevada, in that the pending action was filed and is pending in the District Court for Clark County, Nevada, which is within this judicial district.

16. Promptly after filing this Notice, Sinoenergy will file a copy of it with the clerk of the state court in which this action is pending and will give written notice to the plaintiff, as required by 28 U.S.C. § 1446(d).

17. This Notice of Removal is executed and filed pursuant to Fed. R. Civ. P. 11.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4

1  WHEREFORE, defendant Sinoenergy Corporation removes the above-entitled action now pending in the Eighth Judicial District Court in and for the County of Clark, Nevada, Case No. A602441, to the United States District Court for the District of Nevada.

RESPECTFULLY SUBMITTED this 8th day of December, 2009.

McDONALD CARANO WILSON LLP

By: /s/ Jeffrey A. Silvestri
JEFFREY A. SILVESTRI, ESQ. (NV # 5779)
McDONALD CARANO & WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV  89102

*Attorneys for Sinoenergy Corporation*

::LVDOCS\182565\1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** on this 8th day of December, 2009, via facsimile and by depositing said copies in the United States Mail, postage prepaid thereon, upon the following:

| | |
|---|---|
| Griffith H. Hayes, Esq. | Seth D. Rigrodsky, Esq. |
| Martin A. Muckleroy, Esq. | Brian D. Long, Esq. |
| Cooksey Toolen Gage Duffy & Woog | Timothy J. MacFall, Esq. |
| 3930 Howard Hughes Parkway, Ste. 200 | Rigrodsky & Long, P.A. |
| Las Vegas, NV  89169 | 919 North Market Street, Ste. 980 |
| *Attorneys for Plaintiffs* | Wilmington, DE  19801 |
| | *Attorneys for Plaintiff* |

/s/ Della Sampson
An employee of McDonald Carano Wilson LLP