Griffith H. Hayes, Esq.
Nevada Bar No. 7374
Martin A. Muckleroy, Esq.
Nevada Bar No. 9634
**COOKSEY, TOOLEN, GAGE, DUFFY & WOOG**
A Professional Corporation
3930 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone: (702) 949-3100
Facsimile: (702) 949-3104

*Counsel for Plaintiffs*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CAROL KARCH, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

SINOENERGY CORPORATION, TIANZHOU DENG, XIANG DONG YANG, BO HUANG, ROBERT I. ADLER, RENJIE LU, GREG MARCINKOWSKI, BAOHENG SHI, AND SKYWIDE CAPITAL MANAGEMENT LIMITED,

Defendants.

CASE NO.: 2:09-cv-2320-PMP-LRL

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF MOTION TO REMAND**

[Captions continued on next page]

| | |
|---|---|
| ROBERT E. GUZMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SINOENERGY CORPORATION, TIANZHOU DENG, XIANG DONG YANG, BO HUANG, ROBERT I. ADLER, RENJIE LU, GREG MARCINKOWSKI, BAOHENG SHI, AND SKYWIDE CAPITAL MANAGEMENT LIMITED,<br><br>Defendants. | CASE NO.: 2:09-cv-2321-JCM-PAL |
| ROBERT GRABOWSKI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TIANZHOU DENG, BO HUANG, ROBERT I. ADLER, RENJIE LU, GREG MARCINKOWSKI, BAOHENG SHI, XIANG DONG YANG, SINOENERGY CORP., AND SKYWIDE CAPITAL MANAGEMENT LTD.,<br><br>Defendants. | CASE NO.: 2:09-cv-2322-RCJ-RJJ |
| JOHAN STOLTZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SINOENERGY CORPORATION, TIANZHOU DENG, XIANG DONG YANG, BO HUANG, ROBERT I. ADLER, RENJIE LU, GREG MARCINKOWSKI, BAOHENG SHI, AND SKYWIDE CAPITAL MANAGEMENT LIMITED,<br><br>Defendants. | CASE NO.: 2:09-cv-2323-LDG-PAL |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES....................iv

STATEMENT OF RELEVANT FACTS....................1

ARGUMENT....................3

I. THE COURT LACKS SUBJECT MATTER JURISDICTION AND THE MATTERS MUST BE REMANDED TO THE STATE COURT....................3

A. The Court Lacks Removal Jurisdiction Under CAFA....................3

1. Legal Standards....................3

2. Jurisdiction Does Not Exist Under CAFA Because this Class Action Solely Involves Claims Relating to the Internal Affairs or Governance of Sinoenergy Arising Under Nevada Law as Well as the Rights, Fiduciary Duties, and Obligations Relating to Plaintiff Stoltz's and the Class's Shares in Sinoenergy....................3

B. THE COURT LACKS FEDERAL QUESTION JURISDICTION....................7

1. Legal Standards....................7

2. Plaintiff Stoltz's Claims Do Not "Arise Under" Federal Law....................8

II. PLAINTIFFS ARE ENTITLED TO AN AWARD OF COSTS AND EXPENSES, INCLUDING ATTORNEYS FEES....................11

CONCLUSION....................12

# TABLE OF AUTHORITIES

CASES ........ PAGE

*Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) ........ 3, 4

*Atherton v. Federal Deposit Ins. Corp.*, 519 U.S. 213 (1997) ........ 5

*Brady v. Denton County Elec. Coop., Inc.*, Case No. 4:09-CV-130, 2009 U.S. Dist. LEXIS 89062 (E.D. Tex. Sept. 28, 2009) ........ 6

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) ........ 10

*Cerros v. City of N. Las Vegas*, Case No. 2:06-cv-00647-LRH-PAL, 2006 U.S. Dist. LEXIS 82364 (D. Nev. Nov. 9, 2006) ........ 8

*Edgar v. MITE Corp.*, 457 U.S. 624 (1982) ........ 8

*Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006) ........ 10

*Estate of Pew v. Cardarelli*, 527 F.3d 25 (2d Cir. 2008) ........ 6

*Gloucester County Improvement Auth. v. Gallenthin Realty Dev., Inc.*, C.A. No. 07-5328, 2008 U.S. Dist. LEXIS 8261 (D.N.J. Feb. 5, 2008) ........ 11

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) ........ 8, 11

*Horwitz v. Southwest Forest Indus., Inc.*, 612 F. Supp. 179 (D. Nev. 1985) ........ 5

*Katz v. Gerardi*, 552 F.3d 558 (7th Cir. 2009) ........ 6

*Lucarelli v. DVA Renal Healthcare, Inc.*, Case No. 2:07-cv-1217-RLH-GWF, 2008 U.S. Dist. LEXIS 7772 (D. Nev. Jan. 16, 2008) ........ 7

*Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008) ........ 6

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) ........ 11

*Matherly v. Las Vegas Valley Water District*, 926 F. Supp. 990 (D. Nev. 1996) ........ 7

*Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804 (5th Cir. 2007) ........ 3

*Sanchez v. Aviva Life & Annuity Co.*,
No. CIV S-09-1454 FCD/DAD,
2009 U.S. Dist. LEXIS 79712 (E.D. Cal. July 16, 2009) .......... 3

*Serrano v. 180 Connect, Inc.*,
478 F.3d 1018 (9th Cir. 2007) .......... 3

*Shuffle Master, Inc. v. Smart Shoes, Inc.*,
Case No. 2:09-cv-00937-RCJ-GWF,
2009 U.S. Dist. LEXIS 101698 (D. Nev. Oct. 14, 2009) .......... 7

*In re Text Messaging Antitrust Litig.*,
Case No. 08 C 7082, MDL No. 1997,
2009 U.S. Dist. LEXIS 71490 (N.D. Ill. Aug. 13, 2009) .......... 3

*In re Textainer P'Ship Sec. Litig.*,
No. C 05-0969-MMC, 2005 U.S. Dist. LEXIS 26711 (N.D. Cal. July 27, 2005).......... 5, 6, 7

*Trecaso v. Huang*,
Index No. 601665/09 (N.Y. Sup. Ct. Nassau County).......... 11

*Viropro, Inc. v. Amsel*,
2007 U.S. Dist. LEXIS 545 (D. Nev. 2007) .......... 11

STATUTES

15 U.S.C. § 77b.......... 4, 5, 6

28 U.S.C. § 1331 .......... *passim*

28 U.S.C. § 1332.......... *passim*

28 U.S.C. § 1441(b) .......... 7

28 U.S.C. § 1447(c) .......... 1, 8, 11

28 U.S.C. § 1453(2) .......... 3

42 U.S.C. § 1983.......... 8

Plaintiffs Carol Karch, Robert E. Guzman, Robert Grabowski, and Johan Stoltz ("Plaintiffs") respectfully submit this Opening Brief in support of their Motion to Remand the above-captioned actions, pursuant to 28 U.S.C. § 1447(c), to the Eighth Judicial District Court for the State of Nevada In and For the County of Clark (the "State Court") for lack of federal jurisdiction under 28 U.S.C. §§ 1331 and 1332. Plaintiffs also request payment by defendants, pursuant to section 1447(c), of their costs and actual expenses, including attorney fees, incurred as a result of their removal of the above-captioned cases.

## STATEMENT OF RELEVANT FACTS

On October 26, 2009, plaintiff Stoltz[1] filed his shareholder class action complaint (the "Complaint") on behalf of himself and all other public shareholders (the "Class") of defendant Sinoenergy Corporation ("Sinoenergy" or the "Company") in the State Court against Sinoenergy, the members of its Board of Directors (the "Board" or the "Individual Defendants"), and Skywide Capital Management Limited ("Skywide"). *See* attached Exhibit A.[2] The Complaint contained two counts, one for breach of fiduciary duties against the Individual Defendants, and the other against Sinoenergy and Skywide for aiding and abetting the Individual Defendants' breaches of fiduciary duty. Both counts were asserted exclusively under state law.

The claims arose out of a proposed transaction announced on October 12, 2009, in which Skywide, the Company's largest shareholder, will acquire each common share of Sinoenergy for $1.90 per share in cash, or aggregate consideration of approximately $30.3 million (the "Proposed Transaction"). The consideration to be paid to plaintiff Stoltz and the Class in the Proposed Transaction is unfair and grossly inadequate because, among other things, the intrinsic value of

---

[1] All of the above-captioned actions contain similar factual allegations and legal claims. This Opening Brief focuses on the *Stoltz* action because it has the most developed record of the four matters. Specifically, the plaintiff in *Stoltz* filed an Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, to which the defendants refer prominently in their Notice of Removal as establishing a basis for federal question jurisdiction. Because the defendants' argument regarding plaintiff Stoltz's Application appears nowhere else, it is reasonable to address their most developed and well-articulated position.

[2] The Notices of Removal in *Karch, Guzman,* and *Grabowski,* which contain as exhibits their respective complaints filed in the State Court, are attached as Exhibit B.

Sinoenergy is materially in excess of the amount offered by Skywide, giving due consideration to the Company's anticipated operating results, net asset value, cash flow profitability, and established markets. The Proposed Transaction will deny Class members their right to share proportionately and equitably in the true value of the Company's valuable and profitable business, as well as its future growth in profits and earnings, at a time when the Company is poised to increase its profitability.

The defendants breached the fiduciary duties they owe to plaintiff Stoltz and the Company's public shareholders under state law because the shareholders will not receive adequate or fair value for their Sinoenergy common shares in the Proposed Transaction. Moreover, to the detriment of plaintiff Stoltz and Sinoenergy's public shareholders and in breach of the Board's fiduciary duties, the terms of the Agreement and Plan of Merger among Sinoenergy and Skywide substantially favor Skywide and are calculated to unreasonably dissuade potential suitors from making competing offers.

Plaintiff Stoltz requested that the State Court:

(a) Order that his action be maintained as a class action and certify plaintiff Stoltz as the Class representative;

(b) Preliminarily and permanently enjoin defendants and all persons acting in concert with them, from proceeding with, consummating, or closing the Proposed Transaction;

(c) In the event defendants consummate the Proposed Transaction, rescind it and set it aside or award rescissory damages to plaintiff Stoltz and the Class;

(d) Direct defendants to account to plaintiff Stoltz and the Class for their damages sustained because of the wrongs complained of in the state action;

(e) Award plaintiff Stoltz the costs of his action, including reasonable allowance for his attorneys' and experts' fees; and

(f) Grant such other and further relief as the Court may deem just and proper.

The defendants filed their Notice of Removal (the "Notice") on December 8, 2009. *See* attached Exhibit C (the "Notice"). The Notice stated that the state action was being removed

pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) (diversity jurisdiction), and 28 U.S.C. §§ 1331 (federal question jurisdiction), and 1453(b). Notice, at 1.

## ARGUMENT

## I. THE COURT LACKS SUBJECT MATTER JURISDICTION AND THE MATTERS MUST BE REMANDED TO THE STATE COURT

### A. THE COURT LACKS REMOVAL JURISDICTION UNDER CAFA

#### 1. Legal Standards

"A defendant has the burden of establishing removal jurisdiction under CAFA." *Sanchez v. Aviva Life & Annuity Co.*, No. CIV S-09-1454 FCD/DAD, 2009 U.S. Dist. LEXIS 79712, at *5 (E.D. Cal. July 16, 2009) (citing *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006)). "[H]owever, a plaintiff seeking remand bears the burden of establishing that an exception to CAFA jurisdiction applies." *Id.* (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007)). It is generally accepted that a plaintiff must show an exception exists by a preponderance of the evidence. *See, e.g., Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 814 (5th Cir. 2007); *In re Text Messaging Antitrust Litig.*, Case No. 08 C 7082, MDL No. 1997, 2009 U.S. Dist. LEXIS 71490, at *7 (N.D. Ill. Aug. 13, 2009). Plaintiff Stoltz easily meets his burden of demonstrating that CAFA jurisdiction is lacking in the present case.

#### 2. Jurisdiction Does Not Exist Under CAFA Because this Class Action Solely Involves Claims Relating to the Internal Affairs or Governance of Sinoenergy Arising Under Nevada Law as Well as the Rights, Fiduciary Duties, and Obligations Relating to Plaintiff Stoltz's and the Class's Shares in Sinoenergy

Under CAFA, federal District courts "have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a

foreign state. 28 U.S.C. § 1332(d)(2). CAFA requires "only minimal diversity, not complete diversity," *Abrego Abrego,* 443 F.3d at 684.

There are, however, numerous exceptions to CAFA diversity jurisdiction. In particular, subsection (d)(2) is inapplicable "to any class action that solely involves a claim-- . . . (B) that relates to the internal affairs or governance of a corporation . . . that arises under or by virtue of the laws of the State in which such corporation . . . is incorporated or organized; or (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder)." 28 U.S.C. § 1332(d)(9).

Count I of the Complaint, asserted against the Individual Defendants, alleged that:

> As members of the Company's board of directors, the Individual Defendants have fiduciary obligations to: (a) undertake an appropriate evaluation of Sinoenergy's net worth as a merger/acquisition candidate; (b) take all appropriate steps to enhance Sinoenergy's value and attractiveness as a merger/acquisition candidate; (c) act independently to protect the interests of the Company's public shareholders; (d) adequately ensure that no conflicts of interest exist between the Individual Defendants' own interests and their fiduciary obligations, and, if such conflicts exist, to ensure that all conflicts are resolved in the best interests of Sinoenergy's public shareholders; (e) actively evaluate the Proposed Transaction and engage in a meaningful auction with third parties in an attempt to obtain the best value on any sale of Sinoenergy; and (f) disclose all material information in soliciting shareholder approval of the Proposed Transaction.

Complaint, ¶ 38. Count II of the Complaint, asserted against Sinoenergy and Skywide, alleged that:

> Sinoenergy and Skywide knowingly assisted the Individual Defendants' breaches of fiduciary duty in connection with the Proposed Transaction, which, without such aid, would not have occurred. In connection with discussions regarding the Proposed Transaction, Sinoenergy provided, and Skywide obtained, sensitive non-public information concerning Sinoenergy's operations and thus had unfair advantages which enabled it to acquire the Company at an unfair and inadequate price.

*Id.*, ¶ 44.

Sinoenergy is incorporated in Nevada. Under the "internal affairs" doctrine, the laws of Nevada govern matters concerning relationships between Nevada corporations and their directors, officers, and shareholders. *Horwitz v. Southwest Forest Indus., Inc.,* 612 F. Supp. 179, 182 (D.

Nev. 1985) (citations omitted). *See also Atherton v. Federal Deposit Ins. Corp.,* 519 U.S. 213, 224 (1997) ("States normally look to the State of a business' incorporation for the law that provides the relevant corporate governance general standard of care.")

The Complaint, containing allegations of breaches of fiduciary duty owed to plaintiff Stoltz and the Class, all of whom are owners of Sinoenergy securities,[3] by the Individual Directors, and the aiding and abetting thereof, solely involves the internal affairs and governance of Sinoenergy under Nevada law. These allegations fall squarely within the exceptions to CAFA diversity jurisdiction in 28 U.S.C. § 1332(d)(9)(B) and (C). Therefore, assuming for the sake of argument that the Defendants have established CAFA diversity jurisdiction exists, plaintiff Stoltz has shown beyond question that two exceptions to such jurisdiction are applicable, precluding the Court from exercising subject matter jurisdiction over the matter.

Applicable case law supports plaintiff Stoltz's position. For example, in *In re Textainer P'Ship Sec. Litig.,* No. C 05-0969-MMC, 2005 U.S. Dist. LEXIS 26711 (N.D. Cal. July 27, 2005), the plaintiff challenged a proposed sale of the partnerships' assets as negotiated by the general partners. He alleged the sale was fundamentally unfair to the limited partners because the bidding process was unfair, the sale price was too low, and the proxy solicitations contained materially misleading statements. The plaintiff asserted one cause of action under California state law for breach of fiduciary duty. *Id.,* at *4-5.

---

[3] Section 77b(a)(1) defines a "security" as:

> any note, stock, treasury stock, security future, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, any put, call, straddle, option, or privilege on any security, certificate of deposit, or group or index of securities (including any interest therein or based on the value thereof), or any put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency, or, in general, any interest or instrument commonly known as a "security," or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing.

After reviewing the meaning of the internal affairs doctrine and the legislative history of CAFA, the court found that the plaintiff's breach of duty claim related exclusively to the internal affairs or governance of the partnerships arising under California law. The court noted that the allegations involved the management of the partnerships and that "courts have consistently applied the internal affairs doctrine to claims for breach of fiduciary duty." *Id.*, at *20 (citations omitted). *See also Brady v. Denton County Elec. Coop., Inc.*, Case No. 4:09-CV-130, 2009 U.S. Dist. LEXIS 89062, at *15 (E.D. Tex. Sept. 28, 2009) ("According to CAFA's legislative history, internal affairs are matters peculiar to the relationships among or between the corporation and its current officers, directors and shareholders.") (quotation omitted).

The court concluded that it lacked CAFA jurisdiction under the exception in 28 U.S.C. § 1332(d)(9)(B). It went on to determine that it was also without jurisdiction pursuant to section 1332(d)(9)(C) because the action solely involved a claim relating to fiduciary duties "relating to or created by or pursuant to" a "security." *Textainer,* 2005 U.S. Dist. LEXIS 26711, at *24-25.

The Defendants claim in the Notice that 28 U.S.C. § 1332(d)(2)(B) and (C) do not bar diversity jurisdiction under CAFA but offer no support for their position other than citing to two cases, *Katz v. Gerardi,* 552 F.3d 558 (7th Cir. 2009), and *Estate of Pew v. Cardarelli,* 527 F.3d 25 (2d Cir. 2008). Neither case supports the proposition that CAFA jurisdiction exists in this matter.

*Katz* raised the issue whether the language in section 22(a) of the Securities Act of 1933 (the "33 Act"), 15 U.S.C. § 77v(a), barring the removal of certain actions brought in state court under the 33 Act, was superseded by CAFA. The Court found this to be the case. The present action does not arise under the 33 Act, and the court's conclusion is no significance.[4]

*Pew* likewise is of no help to the Defendants. The question presented was whether section 1332(d)(9)(C) prohibited a federal court from exercising removal CAFA jurisdiction over a class

[4] Moreover, the Ninth Circuit has reached the opposite conclusion, holding that section 22(a) of the 33 Act is not superseded by CAFA. *Luther v. Countrywide Home Loans Servicing LP,* 533 F.3d 1031 (9th Cir. 2008).

action under state consumer fraud law claiming that officers of an issuer of securities--abetted by the issuer's auditor--failed to disclose, while marketing certain debt certificates, that the issuer was insolvent. The court concluded that the exception in section 1332(d)(9)(C) did not apply because it should be limited to disputes over the meaning of the terms of a security. That position was previously rejected in *Textainer, supra*, a case within the purview of the Ninth Circuit. In addition, even if it was adopted by the Court, it would not affect the conclusion that the Court lacks CAFA jurisdiction under section 1332(d)(9)(B) because plaintiff Stoltz's claims solely involve the internal affairs and governance of Sinoenergy under Nevada law.

**B. THE COURT LACKS FEDERAL QUESTION JURISDICTION**

**1. Legal Standards**

If diversity jurisdiction does not exist, then a civil action may be removed to federal district court only if that court has "original jurisdiction founded on a claim or right arising under the . . . laws of the United States." 28 U.S.C. § 1441(b). *See also Id.* § 1331.[5] "A defendant bears the burden of establishing by a preponderance of the evidence that removal was proper, i.e., that subject matter jurisdiction exists." *Shuffle Master, Inc. v. Smart Shoes, Inc.*, Case No. 2:09-cv-00937-RCJ-GWF, 2009 U.S. Dist. LEXIS 101698, at *4-5 (D. Nev. Oct. 14, 2009) (citation omitted).

Section 1441 is "strictly construed against removal." *Lucarelli v. DVA Renal Healthcare, Inc.*, Case No. 2:07-cv-1217-RLH-GWF, 2008 U.S. Dist. LEXIS 7772, at *4 (D. Nev. Jan. 16, 2008) (citation omitted). An action may be removed by a defendant "to federal court only if it could have been brought in that forum originally." *Matherly v. Las Vegas Valley Water District*, 926 F. Supp. 990, 992 (D. Nev. 1996) (citations omitted). "[T]he removing defendant faces a strong presumption against removal." *Cerros v. City of N. Las Vegas*, Case No. 2:06-cv-00647-

[5] The Defendants have not alleged, and have no basis to allege, diversity jurisdiction under 28 U.S.C. § 1332(a) and, as discussed above, their claim of CAFA diversity jurisdiction is completely meritless.

LRH-PAL, 2006 U.S. Dist. LEXIS 82364, at *3 (D. Nev. Nov. 9, 2006) (citations omitted). "[A]ny doubts about removability are resolved in favor of remanding the case to state court." *Id.* (citations omitted).

As shown below, Defendants cannot meet their substantial burden of demonstrating that this Court has federal question jurisdiction over this action, and it should be remanded back to the State Court where it belongs.

**2. Plaintiff Stoltz's Claims Do Not "Arise Under" Federal Law**

Federal civil jurisdiction is primarily established pursuant to the "arising under" language in sections 1331 and 1441(b) "by plaintiffs pleading a cause of action created by federal law (*e.g.,* claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005). The Complaint plainly asserts claims against the Individual Defendants for breaching their fiduciary duties under state law, and against Sinoenergy and Skywide for aiding and abetting those breaches. As discussed previously, under the "corporate internal affairs doctrine," the liability of directors and officers for alleged violations of their fiduciary duties to the corporation and its shareholders is governed by the law of the corporation's state of incorporation. *See also Edgar v. MITE Corp.,* 457 U.S. 624, 645 (1982) (the internal affairs doctrine is ""a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs--matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders -- because otherwise a corporation could be faced with conflicting demands."). Here, Sinoenergy is a Nevada corporation, and thus the Individual Defendants' conduct must be assessed exclusively under Nevada law.

The defendants state that the Complaint:

> alleged that Sinoenergy, a public company listed on a national exchange with 15,942,336 shares of common stock outstanding, has engaged in violations of

> securities by entering into the Proposed Transaction. In the Application,[6] Plaintiff argues that the company has filed a "materially misleading Preliminary Proxy [under Section 14(a) of the Securities and Exchange Act of 1934] that fails to fully and fairly disclose certain material information about [Sinoenergy]..." (Application at pp. 7 & 14-16.) Thus, this action *could* constitute a violation of federal securities laws.

Notice, ¶ 14 (bracketed and parenthetical material in original; emphasis added).

The claim is remarkable for several reasons. First, nowhere in the Complaint, the Application, or anywhere else, does plaintiff Stoltz "argue" explicitly or implicitly, that the Company filed a materially misleading Preliminary Proxy under section 14(a) of the Securities and Exchange Act of 1934 (the "34 Act"). In Count I of the Complaint, Breach of Fiduciary Duty against the Individual Defendants, plaintiff Stoltz alleged:

> As members of the Company's board of directors, the Individual Defendants have fiduciary obligations to: (a) undertake an appropriate evaluation of Sinoenergy's net worth as a merger/acquisition candidate; (b) take all appropriate steps to enhance Sinoenergy's value and attractiveness as a merger/acquisition candidate; (c) act independently to protect the interests of the Company's public shareholders; (d) adequately ensure that no conflicts of interest exist between the Individual Defendants' own interests and their fiduciary obligations, and, if such conflicts exist, to ensure that all conflicts are resolved in the best interests of Sinoenergy's public shareholders; (e) actively evaluate the Proposed Transaction and engage in a meaningful auction with third parties in an attempt to obtain the best value on any sale of Sinoenergy; and *(f) disclose all material information in soliciting shareholder approval of the Proposed Transaction.*

Complaint, ¶ 38 (emphasis added). The latter statement could not have been referring to the Preliminary Proxy, because the Complaint was filed on October 26, 2009, and the Preliminary Proxy was filed with U.S. Securities and Exchange Commission on November 13, 2009.

The Application likewise is silent as to section 14(a) of the 34 Act. It asserted that:

- "The Company has also filed a materially misleading Preliminary Proxy that fails to fully and fairly disclose certain material information about the Company, its prospects, and the inadequate and unfair sales price." Application, at 7.

- "The *fiduciary duty of candor* requires disclosure of all information in defendants' possession germane to the transaction at issue. . . . Directors 'are under a *fiduciary duty* to disclose fully and fairly all material information within the board's control when it seeks shareholder action.'. . . The Board's *duty of disclosure* is greater in a going private transaction

[6] The "Application" referred to is "Plaintiff's Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue." *See* attached Exhibit D.

governed by Rule 13E-3, such as the Proposed Transaction." *Id.*, at 7 (emphasis added).

- "Despite these *well-defined duties of disclosure,* the Board failed to provide shareholders with material information about the sales process that was unfairly tilted towards Skywide." *Id.*, at 14 (emphasis added).
- "A decision in Delaware makes clear that the Board owes disclosure of [the] sales process details to shareholders. In [*In re] Netsmart* [*Technologies, Inc. S'holders Litig.*, 924 A.2d 171 (Del. Ch. 2007)], the court held that the company's board violated its *duty of disclosure* when it failed to accurately inform shareholders about its efforts, or lack thereof, to involve strategic buyers in the sales process." *Id.*, at 15 (emphasis added).
- "Moreover, two elements of the Board's duties in connection with the Proposed Transaction exacerbate the Board's failure to be candid with shareholders here." *Id.*, at 16.

Again, there is no reference, explicit or otherwise, to section 14(a) of the 34 Act in the Application. The misrepresentations in the Preliminary Proxy are discussed exclusively in terms of how they breached the defendants' fiduciary duties under state law, which is entirely consistent with the breach of fiduciary duty allegations in the Complaint. Any connection to section 14(a) of the 34 Act exists solely in the minds of the defendants.

Second, while plaintiff Stoltz appreciates the defendants' admission that "this action could constitute a violation of federal securities laws," Notice, ¶ 14, plaintiff Stoltz has chosen to assert exclusively state law claims. Potential federal claims that plaintiff Stoltz has not put forward cannot form the basis for federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citation omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (citations omitted). Moreover, the Complaint does not contain an embedded federal issue within its well-pleaded state law cause of action, much less one that is substantial and disputed, that would create federal question jurisdiction. *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006) (an embedded federal law

issue must be "both dispositive of the case and . . . controlling in numerous other cases" in order to create federal question jurisdiction); *Grable,* 545 U.S. at 312 .

**II. PLAINTIFFS ARE ENTITLED TO AN AWARD OF COSTS AND EXPENSES, INCLUDING ATTORNEY FEES**

Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Payment of such costs and expenses is appropriate if the removing party lacked "an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005). The determination whether such an objectively reasonable basis existed is left to judicial discretion.

Had the defendants done "minimal research," they would have discovered "the impropriety of removal," that is to say, the utter lack of a legal or factual basis for removal. *Gloucester County Improvement Auth. v. Gallenthin Realty Dev., Inc.,* C.A. No. 07-5328, 2008 U.S. Dist. LEXIS 8261, at *23 (D.N.J. Feb. 5, 2008).[7] The Plaintiffs preserved their rights by promptly filing motions to remand and incurred a significant amount of attorneys' fees and expenses responding to their respective Notices of Removal. *Cf. Viropro, Inc. v. Amsel,* 2007 U.S. Dist. LEXIS 545 (D. Nev. 2007).

The defendants have unnecessarily delayed this matter and driven up the cost of the litigation to the Plaintiffs. As such, it is well within the Court's discretion to require payment by defendants of just costs and any actual expenses, including attorney fees, incurred by Plaintiffs as a result of the removals in accordance with 28 U.S.C. § 1447(c).

---

[7] The defendants are not attempting to remove a similar shareholder class action filed in state court in New York. *Trecaso v. Huang,* Index No. 601665/09 (N.Y. Sup. Ct. Nassau County). This confirms their lack of confidence in the merits of their removal action.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request the Court to: (1) remand the above-captioned actions to the State Court; and (2) require payment of costs and actual expenses, including attorney fees, incurred as a result of the removal.

DATED: January 7, 2010

Respectfully submitted,

**COOKSEY, TOOLEN, GAGE, DUFFY & WOOG**

*/s/ Martin A. Muckleroy*
Griffith H. Hayes, Esq.
Nevada Bar No. 7374
Martin A. Muckleroy, Esq.
Nevada Bar No. 9632
3930 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone: (702) 949-3100
Facsimile: (702) 949-3104

*Counsel for Plaintiffs*

OF COUNSEL:

**RIGRODSKY & LONG, P.A.**
Seth D. Rigrodsky
Brian D. Long
Timothy J. MacFall
919 North Market Street, Suite 980
Wilmington, Delaware 19801
Tel.: (302) 295-5310
Fax: (302) 654-7530

*Counsel for Plaintiff Johan L. Stoltz*

**STULL, STULL & BRODY**
Aaron Brody
6 East 45th Street
New York, New York 10017
Tel.: (212) 687-7230
Fax: (212) 490-2022

*Counsel for Plaintiffs Carol Karch and Robert E. Guzman*

**WEISS & LURIE**
Joseph H. Weiss
551 Fifth Avenue
New York, New York  10176
Tel.:  (212) 682-3025
Fax:  (212) 682-3010

*Counsel for Plaintiff Robert E. Guzman*

**FINKELSTEIN THOMPSON LLP**
Donald J. Enright
Elizabeth K. Tripodi
1050 30th Street, NW
Washington, D.C. 20007
Tel.:  (202) 337-8000
Fax:  (202) 337-8090

*Counsel for Plaintiff Robert Grabowski*